THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL EDDY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UTAH DIVISION OF REAL ESTATE; and UTAH REAL ESTATE COMMISSION,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:24-cv-00171-JCB<br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Michael Eddy ("Mr. Eddy") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] On December 19, Mr. Eddy filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).[2] Therefore, this case was dismissed without prejudice.[3]

Now before the court is Mr. Eddy's motion to reopen case[4] and Mr. Eddy's Amended Complaint.[5] Mr. Eddy has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[6] Accordingly, the court reviews the sufficiency of Mr. Eddy's Amended

---

[1] ECF No. 6.

[2] ECF No. 10.

[3] ECF No. 11.

[4] ECF No. 12.

[5] ECF No. 14.

[6] ECF No. 5.

Complaint under the authority of the IFP Statute. For the reasons stated below, the court finds that Mr. Eddy's amended claims fail as a matter of law. Therefore, the court denies Mr. Eddy's motion to reopen this case.

## BACKGROUND

Mr. Eddy's original complaint named as defendants Utah Division of Real Estate and Utah Real Estate Commission.[7] That complaint contained the following allegations:

> I am filing a petition for a Judicial Review under the Administrative Procedures Act regarding the decision of the Utah Division of Real Estate and Real Estate Commission to place my Principal Broker license on probation. I believe that this state government agency circumvented Utah Code Part 4, 61-2f-401, in making their decision. The reason I am submitting my petition at this time is because the Utah Division of Real Estate sent out their quarterly newsletter to the public Wednesday, 10/02/2024 and listed my name under their "3rd Quarter Licensing & Disciplinary Actions" section while I have an appeal scheduled on November 20th 2024.
>
> According to Utah Code my alleged violations do not meet the standards or grounds required for the Division of Real Estate nor Real Estate Commission to grant their justification in enforcing any such disciplinary action. The decision to place my license on probation appears to be arbitrary and not based on the evidence presented. Furthermore, the Division of Real Estate Director, Leigh Veillette, who was the former director of the Utah Division of Commerce Department, and I had disagreements while she was still in that role. I feel that it is a direct conflict of interest for her to have any involvement with my Division of Real Estate matters, in any event, and she must recuse herself regardless of her job title.[8]

Based upon these allegations, Mr. Eddy asserted causes of action for "5 U.S.C. 706: Scope of Review" and "Utah Code, Part 4, Enforcement. 61-2f-401 Grounds for disciplinary action," purportedly under 42 U.S.C. § 1983.[9] Mr. Eddy requested that:

---

[7] ECF No. 1.

[8] *Id.* at 4.

[9] *Id.* at 3.

> The Division of Real Estate be court-ordered to remove [Mr. Eddy's] Principal Broker status from "On Probation" and remove it from all publications including their recent quarterly newsletter they just distributed to the public and to be cleared of probation on the agent/broker lookups on their website and any other electronic distribution of [his] name.[10]

In a November 22, 2024 Memorandum Decision and Order, the court concluded that Mr. Eddy's claims failed as a matter of law because the Administrative Procedure Act ("APA") is inapplicable to Mr. Eddy's claims, and Mr. Eddy's claims did not provide any basis for relief under 42 U.S.C. § 1983.[11] Despite these deficiencies, the court provided Mr. Eddy with an opportunity to amend his complaint[12] before he voluntarily dismissed it.[13]

Mr. Eddy now moves to reopen this case[14] and has filed an Amended Complaint.[15] In his Amended Complaint, Mr. Eddy once again names as defendants Utah Division of Real Estate and Utah Real Estate Commission (collectively, "Defendants").[16] Mr. Eddy's Amended Complaint contains the following allegations in support of his claims:

> Regarding my grievance against the Utah Division of Real Estate & Real Estate Commission. Due to an incident that took place on March 22nd, 2022, on August 15th, 2023, I was convicted of DUI and Interference with An Arresting Officer. Both being Class B Misdemeanors . . . The DRE and Commission's interpretation of the law does not line up with what Utah Code merits as grounds for disciplinary action.

---

[10] *Id.* at 5.

[11] ECF No. 9 at 5-7.

[12] *Id.* at 7.

[13] ECF No. 10.

[14] ECF No. 12.

[15] ECF No. 14.

[16] ECF No. 14.

As for a person's reputation, nothing does more damage and harm than when the Division of Real Estate releases their quarterly newsletter making sure everyone knows that a person has had their license put on probation for a past criminal conviction(s). Well, that begs the question, why is this agent/broker's license on probation for a criminal conviction? . . . Do I really need to explain to my clients that my license is on probation for getting a DUI and Interference with an Arresting Officer three years ago? No, the things that should stay in a person's personal life is pure exploitation due to the DRE's and Commission's ignorance to what they are doing to people's livelihoods and treating those who mostly work commission only, absurd, childish, and makes that person feel like their lives are literally in the hands of the Division of Real Estate and Real Estate Commission.[17]

Based upon these allegations, Mr. Eddy asserts a cause of action for "5 U.S.C. 706: Scope of Review; (D) without observance of procedure required by law," purportedly under 42 U.S.C. § 1983.[18] Mr. Eddy requests that:

The Division of Real Estate to remove my Principal Broker status from "On Probation," and provide a public apology explaining that relief was granted, in their next quarterly newsletter. Also have "On Probation" status removed from all publications both past and present, including any and all distribution of my name displayed to or accessible to the public to be cleared of probation on their website and any other electronic distribution of my name.[19]

## LEGAL STANDARDS

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[20] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[17] *Id.* at 7.

[18] *Id.* at 3.

[19] *Id.* at 5.

[20] 28 U.S.C. § 1915(e)(2)(B)(ii).

4

12(b)(6).[21] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[22] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[23]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[24] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[25] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[26] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[27] Indeed, the twin purposes of a complaint are to give

---

[21] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[22] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[23] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[24] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[26] *Id.*

[27] *Twombly*, 550 U.S. at 555.

the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[28]

In analyzing Mr. Eddy's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[29] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[30] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[31] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[32]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to

---

[28] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[29] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[30] *Id.*

[31] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[32] *Hall*, 935 F.2d at 1110 (citations omitted).

cure any pleading deficiencies.[33] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[34]

## ANALYSIS

Mr. Eddy's amended claims fail as a matter of law—again—for the same two reasons that the court previously stated: (I) The Administrative Procedures Act is inapplicable to Mr. Eddy's claims and; (II) Mr. Eddy's claims do not provide any basis for relief under 42 U.S.C. § 1983. Accordingly, the court denies Mr. Eddy's motion to reopen this case.

### I.  The Administrative Procedures Act is Inapplicable to Mr. Eddy's Claims.

The Administrative Procedures Act ("APA") does not apply to Mr. Eddy's claims. Under the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[35] Chapter 5's definition of "agency" means "each authority of the Government of the United States, whether or not it is within or subject to review by another agency."[36] Therefore, the APA describes the mechanism by which a federal district court may review the actions of *federal* agency action. Here, Mr. Eddy alleges he has suffered a legal wrong because of *state* agency action and is entitled to federal judicial review thereof. To the extent Mr.

---

[33] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[34] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[35] 5 U.S.C. § 706(2)(A).

[36] 5 U.S.C. § 701(b)(1).

Eddy is entitled to judicial review of Defendants' decision to place his Principal Broker status on probation, the APA is the incorrect avenue for relief. Thus, his claims fail as a matter of law.

**II.    Mr. Eddy's Claims Do Not Provide Any Basis for Relief Under 42 U.S.C. § 1983.**

Mr. Eddy's claims also do not provide any basis for relief under 42 U.S.C. § 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[37] Here, Mr. Eddy has not alleged that Defendants' decision to place Mr. Eddy's Principal Broker license on probation constituted a violation of a federally protected right. Instead, Mr. Eddy appears to allege that Defendants' decision violates "what Utah Code merits as grounds for disciplinary action."[38] Mr. Eddy appears to allege that Defendants have violated state, not federal, law. Therefore, Mr. Eddy fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

**III.   It Would Be Futile to Provide Mr. Eddy With Another Opportunity to Amend His Complaint and The Court Denies Mr. Eddy's Motion to Reopen This Case.**

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend."[39] The court concludes it would be futile to provide Mr. Eddy with yet

---

[37] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

[38] ECF No. 14 at 7.

[39] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

another opportunity to amend his complaint and, therefore, the court denies Mr. Eddy's motion to reopen this case.

When the court reviewed the sufficiency of Mr. Eddy's original complaint under the authority of the IFP Statute, the court provided Mr. Eddy with specific reasons showing why the claims in his original complaint were deficient and gave Mr. Eddy an opportunity to amend his deficient complaint. Nevertheless, Mr. Eddy's amended complaint suffers from the same deficiencies as the original complaint. Under these circumstances, providing Mr. Eddy with another chance to amend would be futile and, therefore, the court DENIES Mr. Eddy's motion to reopen this case.[40]

IT IS SO ORDERED.

DATED this 5th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[40] ECF No. 12.